## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DESERT ORCHID PARTNERS, L.L.C., individually and on behalf of all others similarly situated, | ) ) ) ) | 8:02CV553 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | ORDER |
| TRANSACTION SYSTEMS ARCHITECTS, INC., WILLIAM E. FISHER, GREGORY J. DUMAN, DWIGHT G. HANSON, DAVID C. RUSSELL and EDARD FUXA, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| NANCY ROSEN, individually and on behalf Of herself and all others similarly situated, | ) ) ) | 8:02CV561 |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | |
| TRANSACTION SYSTEMS ARCHITECTS, INC., WILLIAM E. FISHER, GREGORY J. DUMAN, DWIGHT G. HANSON, DAVID C. RUSSELL and EDWARD FUXA, | ) ) ) ) ) ) | |
| Defendants. | ) | |

    This matter comes before the court on the motion of the lead plaintiff and the class representative (the plaintiffs) to compel two-day depositions of defendants Dwight G. Hanson and Edward Fuxa (Filing No. 128 in case 8:02CV553; Filing No. 172 in case 8:02CV561). The plaintiffs filed a brief (Filing No. 129 in case 8:02CV553; Filing No. 173 in case 8:02CV561) and an index of evidence (Filing No. 132 in case 8:02CV553; Filing No. 176 in case 8:02CV561) in support of the motion. The defendants filed a brief (Filing No. 142 in case 8:02CV553; Filing No. 187 in case 8:02CV561), an index of evidence (Filing No. 143 in case 8:02CV553; Filing No. 188 in case 8:02CV561) and an affidavit (Filing No. 144 in case 8:02CV553; Filing No. 189 in case 8:02CV561) in opposition to the

motion. The plaintiffs then filed a reply brief (Filing No. 146 in case 8:02CV553; Filing No. 191 in case 8:02CV561).

## BACKGROUND

The above-captioned cases were brought on behalf of the named plaintiffs and all other persons similarly situated against Defendant Transaction Systems Architects, Inc. ("TSA") and certain of its officers and directors. The complaints in the cases allege securities fraud under sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a), Rule 10b-5 of the Exchange Act, and 17 C.F.R. § 240.10b-5. The First Amended Complaint states the class is comprised of persons who purchased TSA common stock from January 21, 1999, through November 18, 2002, which the complaint defines as "the class period." **See** Filing No. 23 in Case No. 8:02CV553; Filing No. 51 in Case No. 8:02CV561. The individually named defendants are corporate officers of TSA who are alleged to have had access to proprietary information about TSA and are alleged to have made comments regarding TSA's financial condition at various times during the class period, resulting in an artificial inflation of the price of TSA common stock. The plaintiffs claim they relied on the misleading press releases, public filings, and reports regarding the market for TSA common stock. The plaintiffs assert they were without knowledge of the wrongful conduct of the defendants at the time they purchased or acquired the TSA common stock.

## ANALYSIS

Rule 30(d)(2) of the Federal Rules of Civil Procedure provides that "[u]nless otherwise authorized by the court or stipulated by the parties, a deposition is limited to one day of seven hours," and that "[t]he court must allow additional time consistent with Rule 26(b)(2) if needed for a fair examination of the deponent[.]" Fed. R. Civ. P. 30(d)(2); ***Miller v. Waseca Med. Ctr.***, 205 F.R.D. 537, 538 (D. Minn. 2002) (fair examination necessitated additional time for deposition). "The party seeking a court order to extend the examination, or otherwise alter the limitations, is expected to show good cause to justify such an order."

Fed. R. Civ. P. 30(d)(2) advisory committee's note (2000 amend.). The advisory committee notes provides several examples of logical reasons for extending the duration of a deposition including (1) the examination will cover events occurring over a long period of time; and (2) cases in which the witness will be questioned about numerous or lengthy documents. *Id.*

As an initial matter, the defendants argue the plaintiffs' motion is premature. The defendants contend that the better course is for the depositions to convene for one day, and if additional time is needed, the plaintiffs may then move for such time. **See *Malec v. Trustees of Boston College***, 208 F.R.D. 23, 24 (D. Mass. 2002). The plaintiffs argue the procedure is undesirable because it would unfairly burden them to attempt to finish in one day or touch on many topics only briefly in the fear the court would deny the later motion. Additionally, the plaintiffs contend they do not want the deponents to have a chance to preview the deposition questions, then have additional time to prepare responses. The court declines to deny the motion on this basis. Under the circumstances, a delay in moving for the extended depositions may further delay the case and prolong the depositions unnecessarily. Additionally, the timing of the motion is connected to the plaintiffs' burden of showing good cause for the extended depositions.

The plaintiffs state they seek additional time to depose two witnesses for up to two days totaling fourteen hours each. The plaintiffs state the subject deponents Dwight G. Hanson and Edward Fuxa, who are both defendants, played central roles in the decisions and other matters leading to TSA's restatement of financial results. These deponents are quoted in press releases and/or signed many of the allegedly false and misleading reports filed with the SEC. These deponents' names appear on hundreds of documents embracing thousands of pages. As evidence of these deponents' involvement and knowledge, the SEC's formal investigation included subpoenas of them and only one other individual. The plaintiffs specify they will have approximately fifty exhibits for Mr. Hanson and many for Mr. Fuxa. The plaintiffs also argue the accounting issues in this case are complex and the extended depositions will not unduly burden the defendants. Further, the plaintiffs do not anticipate the need for extended depositions for any other witness.

The defendants contend the plaintiffs failed to show good cause. The court disagrees. The court concludes additional time is needed for a fair examination of the deponents, and that the circumstances of the case, its complexity and documentary evidence, establish good cause for the extended depositions. The court's ruling does not foreclose any other appropriate motion made pursuant to Rule 30(d).

**IT IS ORDERED:**

The plaintiffs' motion to compel (Filing No. 128 in case 8:02CV553; Filing No. 172 in case 8:02CV561) is granted.

DATED this 23rd day of November, 2005.

BY THE COURT:

/s Thomas D. Thalken
United States Magistrate Judge