# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DESERT ORCHID PARTNERS, L.L.C., individually and on behalf of all others similarly situated, | ) ) ) ) | 8:02CV553 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | ORDER |
| TRANSACTION SYSTEMS ARCHITECTS, INC., WILLIAM E. FISHER, GREGORY J. DUMAN, DWIGHT G. HANSON, DAVID C. RUSSELL and EDARD FUXA, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| NANCY ROSEN, individually and on behalf Of herself and all others similarly situated, | ) ) ) | 8:02CV561 |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | |
| TRANSACTION SYSTEMS ARCHITECTS, INC., WILLIAM E. FISHER, GREGORY J. DUMAN, DWIGHT G. HANSON, DAVID C. RUSSELL and EDWARD FUXA,    ) | ) ) ) ) | |
| Defendants. | ) ) | |

This matter comes before the court on the plaintiffs' Motion to Compel Production of Unredacted August 6, 2002 Audit Committee Minutes (Filing No. 186 in case 8:02CV553; Filing No. 229 in case 8:02CV561). The plaintiffs filed a brief (Filing No. 187 in case 8:02CV553; Filing No. 230 in case 8:02CV561) and an index of evidence (Filing No. 185 in case 8:02CV553; Filing No. 231 in case 8:02CV561) in support of the motion. The defendants filed a brief (Filing No. 204 in case 8:02CV553; Filing No. 246 in case 8:02CV561) and an index of evidence (Filing Nos. 202 and 203 in case 8:02CV553; Filing Nos. 244 and 245 in case 8:02CV561) in opposition to the motion. The plaintiffs then filed

a reply brief (Filing No. 214 in case 8:02CV553; Filing No. 256 in case 8:02CV561). Finally, in response to a court order (Filing No. 271 in case 8:02CV553; Filing No. 256 in case 8:02CV561), the defendants submitted the subject minutes to chambers under seal.

## BACKGROUND

The above-captioned cases were brought on behalf of the named plaintiffs and all other persons similarly situated against the defendant Transaction Systems Architects, Inc. (TSA) and certain of its officers and directors. The complaints in the cases allege securities fraud under sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the Exchange Act), 15 U.S.C. §§ 78j(b) and 78t(a), Rule 10b-5 of the Exchange Act, and 17 C.F.R. § 240.10b-5. The Second Amended Complaint states the class is comprised of persons who purchased TSA common stock from January 21, 1999, through November 18, 2002, which is defined as "the class period." **See** Filing No. 98 in Case No. 8:02CV553; Filing No. 140 in Case No. 8:02CV561. The individually named defendants are corporate officers of TSA who are alleged to have had access to proprietary information about TSA and are alleged to have made comments regarding TSA's financial condition at various times during the class period, resulting in an artificial inflation of the price of TSA common stock. The plaintiffs claim they relied on the misleading press releases, public filings, and reports regarding the market for TSA common stock. The plaintiffs assert they were without knowledge of the wrongful conduct of the defendants at the time they purchased or acquired the TSA common stock.

The plaintiffs now seek unredacted minutes of the August 6, 2002 meeting of the Audit Committee of the Board of Directors of TSA. The minutes involve discussions of a "review" of certain "transactions" with Digital Courier Technologies, Inc. (Digital Courier). The plaintiffs allege a series of agreements between TSA and Digital Courier in 1999 and 2000, are related to TSA's restatement of previously reported financial results. During the August 6, 2002 meeting, the audit committee decided to meet again on August 9, 2002, "to continue its deliberations" about the transactions. Prior to disclosing the minutes, the defendants redacted the central description of what the audit committee discussed. The

defendants assert the redacted portion of the August 6, 2002 meeting minutes is protected from discovery by the attorney-client privilege. There is no dispute TSA's attorney was present at the August 6, 2002 meeting, however the plaintiffs contend the August 6, 2002 meeting merely concerned business discussions rather than confidential legal communications.

## ANALYSIS

The attorney-client privilege is the "oldest of the privileges for confidential communications known." **Upjohn Co. v. United States**, 449 U.S. 383, 389 (1981). "[C]ourts long have viewed [the privilege's] central concern as one 'to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice.'" **United States v. Zolin**, 491 U.S. 554, 562 (1989) (**quoting Upjohn**, 449 U.S. at 389); **see also In re BankAmerica Corp. Sec. Litig.**, 270 F.3d 639, 641 (8th Cir. 2001). Additionally, "[t]he attorney-client privilege is strongest where a client seeks counsel's advice to determine the legality of conduct before taking action." **Id.** (**citing Upjohn**, 449 U.S. at 392). "The Supreme Court confirmed that the privilege applies broadly to communications made by corporate employees to counsel to secure legal advice from counsel. [The Eighth Circuit Court of Appeals has] likewise applied the privilege to communications to and from corporate attorneys investigating their client's possible violations of federal securities law." **PaineWebber Group, Inc. v. Zinsmeyer Trusts P'ship**, 187 F.3d 988, 991 (8th Cir. 1999) (internal citations omitted). Further, "[c]lient communications intended to keep the attorney apprised of business matters may be privileged if they embody 'an implied request for legal advice based thereon.'" **Simon v. G.D. Searle & Co.**, 816 F.2d 397, 404 (8th Cir. 1987). However, communications between attorney and client are not *per se* privileged.

The party asserting the attorney-client privilege bears the burden of establishing a factual basis showing protection of the document is warranted. **Rabushka ex rel. U.S. v. Crane Co.**, 122 F.3d 559, 565 (8th Cir. 1997); **Bouschor v. United States**, 316 F.2d 451, 456 (8th Cir. 1963). In federal-question cases, such as the instant one, privilege questions

are governed by federal common law in the absence of a constitutional provision, federal statute, or Supreme Court rule on the subject. **See** Fed. R. Evid. 501; ***In re Grand Jury Subpoena Duces Tecum***, 112 F.3d 910, 915 (8th Cir. 1997); ***United States v. Calvert***, 523 F.2d 895, 909 (8th Cir. 1975). The definition of the attorney-client privilege used by the parties provides that the privilege exists:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection [may] be waived.

***Simon***, 816 F.2d at 404 n.7 (**citing** 8 J. Wigmore, Evidence, § 2292 (McNaughton rev. 1961)); ***United States v. Willis***, 565 F. Supp. 1186, 1201 (D.C. Iowa 1983) (same).

The plaintiffs dispute whether the redacted portion of the minutes represents communications (1) made to the corporation's attorneys acting as attorneys, or (2) made in order to secure legal advice. The plaintiffs admit the defendants' attorney was present via telephone. However, the plaintiffs contend the attorney was acting in the role of a business advisor. Additionally, the plaintiffs state the communications were to consider business dealings, rather than for legal advice. As evidence of their assertions, the plaintiffs direct the court to the unredacted language of the minutes. The minutes refer to continuing "with the review of the transactions" on August 9, 2002, and note the audit committee intended to retain independent counsel "to assist the Committee in its deliberations regarding this matter." **See** Filing No. 185, Exhibit A. Further, the plaintiffs contend that a reading of the unredacted portion of the August 6, 2002 minutes with the August 9, 2002 minutes shows the meeting was related to business matters rather than legal advice.

The unredacted portion of the August 6, 2002 minutes show which committee members were present and state Daniel W. Rabun, Baker & McKenzie, attended the meeting "at the invitation of the Committee." **See** Filing No. 185, Exhibit A. Mr. Rabun did not attend as secretary of the committee, but in his capacity as outside legal counsel for TSA. ***Id.***; Filing No. 202 - Rabun Affidavit. The defendants provided Mr. Rabun's affidavit

describing his participation during the August 6, 2002 committee meeting.  **See** Filing No. 202.  Specifically, Mr. Rabun states the Audit Committee sought legal advice, which he gave, regarding the proper course of action to take about TSA Audit Committee activities.  *Id.*  Mr. Rabun states the meeting did not involve merely a recounting of business transactions.  *Id.*  The court has also reviewed an unredacted copy of the August 6, 2002 minutes *in camera*.

The court finds the defendants have sustained their burden of showing the attorney-client privilege protects the redacted portion of the August 6, 2002 minutes from production.  It appears from the evidence before the court that the redacted portion of the minutes contain material which is subject to the attorney-client privilege as the recording of communications between TSA and its attorney who was acting in the capacity of an attorney by giving legal advice.  Accordingly, the plaintiffs' motion to compel is denied.  In addition, the court finds no award of sanctions pursuant to Federal Rule of Civil Procedure 37(a)(4)(B) is warranted under the circumstances because the plaintiffs' motion was substantially justified.  Upon consideration,

**IT IS ORDERED:**

The plaintiffs' Motion to Compel Production of Unredacted August 6, 2002 Audit Committee Minutes (Filing No. 186 in case 8:02CV553; Filing No. 229 in case 8:02CV561) is denied.

DATED this 17th day of May, 2006.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge