# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DESERT ORCHID PARTNERS, L.L.C., individually and on behalf of all others similarly situated, | ) ) ) | 8:02CV553 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | ORDER |
| TRANSACTION SYSTEMS ARCHITECTS, INC., WILLIAM E. FISHER, GREGORY J. DUMAN, DWIGHT G. HANSON, DAVID C. RUSSELL and EDWARD FUXA, | ) ) ) ) ) | |
| Defendants. | ) ) | |
| NANCY ROSEN, individually and on behalf Of herself and all others similarly situated, | ) ) ) | 8:02CV561 |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | |
| TRANSACTION SYSTEMS ARCHITECTS, INC., WILLIAM E. FISHER, GREGORY J. DUMAN, DWIGHT G. HANSON, DAVID C. RUSSELL and EDWARD FUXA, | ) ) ) ) ) | |
| Defendants. | ) | |

This matter comes before the court on the defendants' Motion to Compel (Filing No. 220 in case 8:02CV553; Filing No. 262 in case 8:02CV561). This matter is a class action against the defendant Transaction Systems Architects, Inc. (TSA) and certain of its officers and directors. The complaints in the cases allege securities fraud under sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the Exchange Act), 15 U.S.C. §§ 78j(b) and 78t(a), Rule 10b-5 of the Exchange Act, and 17 C.F.R. § 240.10b-5. The Second Amended Complaint states the class is comprised of persons who purchased TSA common stock from January 21, 1999, through November 18, 2002, which is defined as

"the class period."  **See** Filing No. 98 in Case No. 8:02CV553; Filing No. 140 in Case No. 8:02CV561.  The individually named defendants are corporate officers of TSA who are alleged to have had access to proprietary information about TSA and are alleged to have made comments regarding TSA's financial condition at various times during the class period, resulting in an artificial inflation of the price of TSA common stock.  The plaintiffs claim they relied on the misleading press releases, public filings, and reports regarding the market for TSA common stock.

The defendants filed a motion to compel for the following specific deficiencies in the plaintiffs' responses to interrogatories:

> 1. The "verification" offered by the plaintiffs is not made under oath because it is neither notarized nor declared under penalty of perjury.
> 2. The "verification" offered by the plaintiffs impermissibly excludes those matter that Mr. Martini [who signed on behalf of the plaintiffs] "averred upon information and belief."
> 3. Roger M. Wally did not sign or verify interrogatory responses.
> 4. The plaintiffs refused to respond to the defendants' interrogatories which request the plaintiffs to identify the facts which support their contention the individual defendants acted with scienter.

**See** Filing No. 220 in case 8:02CV553; Filing No. 262 in case 8:02CV561.

The defendants filed a brief (Filing No. 221 in case 8:02CV553; Filing No. 263 in case 8:02CV561); an index of evidence (Filing No. 222 in case 8:02CV553; Filing No. 264 in case 8:02CV561) and a reply brief (Filing No. 241 in case 8:02CV553; Filing No. 283 in case 8:02CV561) in support of the motion.  The plaintiffs opposed the motion by filing a brief (Filing No. 236 in case 8:02CV553; Filing No. 278 in case 8:02CV561).  As an initial matter the discovery dispute as to Mr. Wally is denied, as moot, since Mr. Wally has withdrawn from the case.

Federal Rule of Civil Procedure 33 requires that each interrogatory served "shall be answered separately and fully in writing under oath, unless objected to" and that "[t]he answers are to be signed by the person making them, and the objections signed by the

attorney making them." **See** Fed. R. Civ. P. 33(b)(1) and (2). Under Rule 33(a) if the party served is a corporation, the interrogatories may be answered by any officer or agent, who shall furnish such information as is available to the party. **See *General Dynamics Corp. v. Selb Mfg. Co.***, 481 F.2d 1204, 1210 & n.1 (8th Cir. 1973) (noting "Rule 33(a) allows any agent of the corporation, even its attorney, to answer interrogatories on behalf of a corporation") (**citing *United States v. Kordel***, 397 U.S. 1, 8 (1970) and Wright & Miller, Federal Practice & Procedure: Civil §§ 2018 and 2172)).

The "verification" contained with the plaintiffs' interrogatory responses is not notarized, but is signed by the party and states as follows:

> GEORGE MARTINI, being duly sworn, deposes and says:
>
> 1.   I am the Controller of the County of Genesee, State of Michigan, and Plan Administrator of the Genesee County Employees' Retirement System, the Court-appointed Lead Plaintiff and one of the class representatives in this action.
>
> 2.   I have reviewed the foregoing Plaintiffs' Objections and Answers to Defendants' First Set of Interrogatories. The answers given herein are true and correct to the best of my knowledge and recollection, except as to those matters herein averred upon information and belief, as to which matters I believe them to be true and correct to the best of my knowledge and recollection.

**See** Filing No. 222, Exhibit A p. 12.

The verification does not contain a notary mark or comply with 28 U.S.C. § 1746, which provides:

> Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same . . . , such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:

> . . .
> (2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).
>
> (Signature)".

The plaintiffs contends that a document signed "under oath," even without either a notary or the 28 U.S.C. § 1746 "penalty of perjury" language, has been found "compliant" by at least one court citing **Gilmore v. Festo KG**, No. 97C5106, 2000WL12727 (N.D. Ill. Jan. 4, 2000). The plaintiffs further argue the defendants fail to identify any prejudice from the "technical defect" in the verification. The plaintiffs contend the defendants merely attempt to "elevate form over substance, multiply these proceedings, and inconvenience Genesee." **See** Filing No. 236, Brief p. 3. The plaintiffs' statement is disingenuous. Had the plaintiffs merely corrected the defect, the proceeding may have gone more smoothly without the necessity of additional motions and other documents filed by the parties. The defendants need not show prejudice before compliance with the federal rules is required. In fact, even litigants proceeding without counsel must comply with these rules. Accordingly, the plaintiffs will not be exempt. The defendants' motion to compel verification that the responses were signed under oath is granted.

The defendants also seek clarification regarding the language in the verification about the responses being "averred upon information and belief" rather than within Mr. Martini's actual knowledge. The defendants contend the language creates a loophole for the plaintiffs and ambiguity which requires additional discovery to determine which responses are based on personal knowledge. However, the plaintiffs state that only Interrogatory No. 8 is based on Mr. Martini's personal knowledge because the nature of the remaining interrogatories are such that only counsel would have the particular knowledge necessary to respond. In any event, the federal rules allow for the responses to be signed by a representative of the party who is not an individual, here the Genesee County Employees' Retirement System. Accordingly, no supplemental responses are necessary on this basis.

Finally, the defendants seek immediate responses to their "contention" interrogatories. These interrogatories seek "the facts that support the contention that [the individually named defendants] acted with scienter." **See** Filing No. 222 Exhibit A. The plaintiffs argue no response is available or required until a reasonable time after the end of discovery. Pursuant to Rule 33(c):

> An interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact, but the court may order that such an interrogatory need not be answered until after designated discovery has been completed or until a pre-trial conference or other later time.

The plaintiffs argue they are in "the midst of extensive fact discovery." However, the time frame for discovery is nearly expired and the parties have completed extensive discovery to date. The burden of responding to discovery requests is on the party properly served. Accordingly, the plaintiffs have the burden of showing why such discovery should not yet be had. **See** *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 926 (8th Cir. 1999). The plaintiffs fail to show good cause or reason to delay the responses any longer. The court notes the interrogatories specifically refer to individual defendants, therefore if information as to a particular defendant is yet unavailable the plaintiffs may supplement later. However, the plaintiffs do not argue the information is unavailable, they argue they may have to supplement the responses at the close of discovery and do not want to give the defendants a "roadmap" for future discovery. All parties have a duty to supplement as discovery comes to light. **See** Fed. R. Civ. P. 26(e). Further, the defendants are entitled to timely discover the relevant non-privileged evidence which may be used against them in this case. Therefore, the court will not allow the plaintiffs to delay responses any longer. Additionally, the plaintiffs offer no support for the other objections made in response to the interrogatories and they are stricken. Accordingly, the plaintiffs shall supplement their discovery to provide complete responses to Interrogatory Nos. 12-16.

Pursuant to Federal Rule of Civil Procedure 37(a)(4)(C):

> If the motion is granted in part and denied in part, the court . . . may, after affording an opportunity to be heard, apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner.

The plaintiffs' failure to comply with Rule 33 by providing verification that the responses were made under oath, as required, or fully responding to Interrogatory Nos. 12-16 required the defendants to file a motion to compel. The plaintiffs gave no explanation for their failure to comply with the rules. Further, although the plaintiffs noted the court may relieve them of immediately responding Interrogatory Nos. 12-16, they had not sought court authorization for the failure to timely respond. The court shall, after the plaintiffs have a chance to respond, grant the defendants' reasonable expenses for filing the motion to compel on those issues, unless the plaintiffs show substantial and legal justification for the failure to comply with Rule 33 or just cause why sanctions should not be imposed. **See** Fed. R. Civ. P. 37(a)(4)(A). Upon consideration,

**IT IS ORDERED:**

1. The defendants' Motion to Compel (Filing No. 220 in case 8:02CV553; Filing No. 262 in case 8:02CV561) is granted in part and denied in part. The plaintiffs shall provide verification of the responses to interrogatories in compliance with Fed. R. Civ. P. 33(b) and complete responses to Interrogatory Nos. 12-16 **on or before June 12, 2006**. The defendants' motion is denied in all other respects.

2. The plaintiffs shall have **until June 12, 2006**, to show cause why the defendants should not be awarded reasonable costs and attorney's fees incurred in bringing the motion to compel, in accordance with Fed. R. Civ. P. 37(a)(4).

DATED this 25th day of May, 2006.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge