IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DESERT ORCHID PARTNERS, L.L.C., individually and on behalf of all others similarly situated, | Case No. 02 CV 553 |
| Plaintiff, | Judge Joseph F. Bataillon |
| - v. - | Magistrate Judge Thalken |
| TRANSACTION SYSTEMS ARCHITECTS, INC., WILLIAM E. FISHER, GREGORY J. DUMAN, DWIGHT G. HANSON, DAVID C. RUSSELL, GREGORY DERKACHT and EDWARD FUXA, | (Class Action) |
| Defendants. | |
| NANCY ROSEN, individually and on behalf of all others similarly situated, | Case No. 02 CV 561 |
| Plaintiff, | (Class Action) |
| - v. - | |
| TRANSACTION SYSTEMS ARCHITECTS, INC., WILLIAM E. FISHER, GREGORY J. DUMAN, DWIGHT G. HANSON, DAVID C. RUSSELL, GREGORY DERKACHT and EDWARD FUXA, | |
| Defendants. | |

**ORDER PRELIMINARILY APPROVING
SETTLEMENT AND PROVIDING FOR NOTICE TO THE CLASS**

WHEREAS:

A.   Lead Plaintiff Genesee County Employees' Retirement System, on behalf of itself and the Class, and Defendants Transaction Systems Architects, Inc. ("TSA"), William E. Fisher, Gregory J. Duman, Dwight G. Hanson, David C. Russell, and Edward Fuxa (collectively, "Defendants") have entered into a Settlement of the claims asserted in the Action, the terms of

which are set forth in a Stipulation of Settlement dated _____, 2006 (the "Settlement Agreement");

B.  Lead Plaintiff and Defendants have moved, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the terms and conditions of the Settlement Agreement and directing the issuance of notice to the Class in accordance with the Settlement Agreement; and

C.  The Court, having read and considered the Settlement Agreement, including the proposed Notice of Proposed Settlement of Class Action and Fairness Hearing (the "Notice"), the proposed Summary Notice of Proposed Settlement of Class Action and Fairness Hearing (the "Summary Notice"), the proposed Proof of Claim form, and the proposed Final Judgment and Order of Dismissal with Prejudice, finds that substantial and sufficient grounds exist for entering this Preliminary Approval Order.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.  The Court, for purposes of this Preliminary Approval Order, adopts all defined terms set forth in the Settlement Agreement.

2.  Pursuant to Rules 23(d) of the Federal Rules of Civil Procedure, the Class Period previously certified by the Court's March 22, 2005 Order is hereby extended by one day to encompass the period of time between January 21, 1999 and November 19, 2002, inclusive. The Class is certified as so modified pursuant to Rules 23(a) and (b)(3).

3.  The Court preliminarily approves the Settlement of this Action on the terms and conditions set forth in the Settlement Agreement as being sufficiently fair, reasonable, and adequate to warrant sending notice of the proposed Settlement to Class Members and further consideration of the Settlement at the Fairness Hearing described below.

- 3 -

4.       A hearing (the "Fairness Hearing") will be held on **February 23, 2007 at 1:30 p.m.** in Courtroom 3 of the United States District Court for the District of Nebraska, Roman L. Hruska United States Courthouse, 111 South 18th Plaza, Omaha, Nebraska 68102, to determine, among other things, whether the proposed Settlement of the Action on the terms and conditions provided in the Settlement Agreement is fair, reasonable, and adequate and should be approved by the Court; whether the proposed Plan of Allocation of the Net Settlement Fund is fair, reasonable, and adequate and should be approved by the Court; whether a Final Judgment substantially in the form of Exhibit B to the Settlement Agreement should be entered in this Action; and to consider Lead Counsel's application for a Fee and Expense Award to Lead Counsel and the Lead Plaintiff.  The Court expressly reserves the right to adjourn the Fairness Hearing from time to time without any further written notice to Class Members.

5.       The Court approves the form, substance, and requirements of the Notice and the Summary Notice (together, the "Notices") and the Proof of Claim form annexed hereto as Exhibits 1, 2 and 3 respectively, and finds that the procedures established for publication, mailing, and distribution of the Notices substantially in the manner and form set forth in paragraphs 6 and 7 of this Preliminary Approval Order constitute the best notice practicable, is reasonably calculated, under the circumstances, to apprise Class Members of their right to object to the proposed Settlement, is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice, and meets all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c) and (d)), the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, the Rules of this Court, and any other applicable law.

6. The Court appoints Complete Claim Solutions, Inc. (the "Claims Administrator") to administer the notice procedure as well as the processing of claims under the supervision of Lead Counsel, as more fully set forth below:

(a) Not later than twenty-one (21) days after the entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Proof of Claim form, substantially in the forms annexed hereto as Exhibits 1 and 2 respectively, to be mailed by first class mail, postage prepaid, to all potential Class Members who can be identified with reasonable effort;

(b) Not later than nine (9) days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form annexed hereto as Exhibit 3, to be published once in the national edition of *Investor's Business Daily* and once on the *BusinessWire*; and

(c) At least seven (7) days prior to the Fairness Hearing, Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

7. Nominees who held the shares of common stock of TSA that were purchased during the Class Period shall send the Notice and Proof of Claim form to the beneficial owners of TSA common stock within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim form to such beneficial owners. Lead Counsel shall, if requested, reimburse banks, brokerage houses, or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are potential Class Members out of the Settlement Fund which expenses

would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

8. Any potential Class Member who did not submit a valid and timely written request for exclusion from the Class in response to the previously mailed Notice of Pendency, or who does not submit a valid and timely written request for exclusion from the Class in accordance with the instructions in the Notice, is a Class Member and shall be bound by all of the terms and provisions of the Settlement Agreement, and by all proceedings, rulings, orders, and judgments in this Action.

9. Requests for exclusion shall clearly indicate the name, address and daytime telephone number of the Person seeking exclusion, list all purchases and sales of shares of TSA common stock the Person made between January 21, 1999 and November 19, 2002, inclusive; and state clearly that the Person wishes to be excluded from the Class in *Desert Orchid Partners, L.L.C. v. Transaction Systems Architects, Inc.,* No. 02 CV 553 (D. Neb.).

10. Requests for exclusion must be submitted by first class mail, postmarked no later than fourteen (14) days before the Fairness Hearing or such other date as may be set by the Court. If a Class Member chooses to submit his, her, or its request for exclusion in a manner other than by first-class mail, then it must be actually received at the address set forth in the Notice no later than fourteen (14) days before the Fairness Hearing or such other date as may be set by the Court.

11. A request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the request for exclusion is otherwise accepted by the Court.

12. Any Class Member who requests exclusion from the Class shall not be entitled to participate in the distributions from the Net Settlement Fund as described in the Stipulation and Notice.

13. Any Class Member who wishes to participate in the distributions from the Net Settlement Fund must sign and return a completed Proof of Claim in accordance with the instructions contained therein and in the Notice. All Proofs of Claim must be submitted by first class mail, postmarked no later than April 24, 2007 or such other date as may be set by the Court. If a Class Member chooses to return his, her, or its Proof of Claim in a manner other than by first-class mail, then it must be actually received at the address on the Proof of Claim form no later than April 24, 2007 or such other date as may be set by the Court. Unless otherwise ordered by the Court, any Class Member who does not sign and return a valid Proof of Claim within the time provided shall be barred from sharing in the distribution of the Net Settlement Fund. Notwithstanding the foregoing, Lead Counsel may, in their sole discretion, accept for processing late claims so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed.

14. Any Class Member may enter an appearance in the Action, individually or through counsel of his, her or its own choice, at his, her or its own expense. Any Class Member who chooses not to enter an appearance will be represented by Lead Counsel.

15. Any Class Member who wishes to object to the fairness, reasonableness, or adequacy of this Settlement, to any terms of the proposed Settlement Agreement, to the Plan of Allocation, or to Lead Counsel's request for a Fee and Expense Award, must serve upon Lead Counsel and Defendants' Counsel, and must file with the Court (c/o Clerk of the Court, United States District Court for the District of Nebraska, Roman L. Hruska United States Courthouse, 111 South 18th Plaza, Suite 1152, Omaha, Nebraska 68102), no later than fourteen (14) days before the Fairness Hearing or as the Court may otherwise direct, (i) a statement of the objection, as well as the specific reason or reasons for each such objection, including any legal support the Class Member wishes to bring to the Court's attention; (ii) documentation sufficient to show all purchases and sales of shares

of TSA common stock the Class Member made between January 21, 1999 and November 19, 2002, inclusive; and (iii) any evidence the Class Member wishes to introduce in support of the objection. In addition to filing the statement and documentation with the Court, the Class Member must provide the statement and documentation to both of the following counsel:

>Joel H. Bernstein, Esq.
>Emily C. Komlossy, Esq.
>David J. Goldsmith, Esq.
>Labaton Rudoff & Sucharow LLP
>100 Park Avenue, 12th Floor
>New York, New York  10017-5563
>
>*Lead Counsel for Lead Plaintiff Genesee County Employees' Retirement System*
>
>Joel Held, Esq.
>Elizabeth L. Yingling, Esq.
>Baker & McKenzie LLP
>2300 Trammell Crow Center
>2001 Ross Avenue
>Dallas, Texas  75201
>
>*Attorneys for Defendants Transaction Systems Architects, Inc., William E. Fisher, Gregory J. Duman, Dwight G. Hanson, David C. Russell, and Edward Fuxa*

16. Any Class Member may file an objection on his or her own or through an attorney hired at his or her own expense. Any Class Member who files and serves a written objection may, but is not required to, appear at the Fairness Hearing, either in person or through an attorney hired at the Class Member's own expense, to object to the fairness, reasonableness, or adequacy of the Settlement, to any term of the proposed Settlement Agreement, to the Plan of Allocation, or to Lead Counsel's application for a Fee and Expense Award. If a Class Member hires an attorney to represent him or her at the Fairness Hearing, the attorney must file a notice of appearance with the Clerk of the Court and deliver a copy of that notice to Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 10 of this Order, no later than fourteen (14) days before the date of the Fairness Hearing.

- 8 -

17. Persons who intend to object to the Settlement <u>and</u> desire to present evidence at the Fairness Hearing must include in their written objections the identity of any witnesses they may seek to call to testify and any exhibits they may seek to introduce into evidence at the Fairness Hearing. Any Party has the right to object to any testimony or other evidence which a person objecting to the Settlement seeks to introduce.

18. Unless the Court otherwise directs, no member of the Class or other person shall be entitled to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for a Fee and Expense Award, or otherwise be heard, except by filing and serving written objections as described above. Any person who does not object in the manner prescribed above shall be deemed to have waived such objection in this or any other action or proceeding and shall be bound by all of the terms and provisions of the Settlement Agreement, and by all proceedings, rulings, orders, and judgments in this Action.

19. No Person that is not a Lead Plaintiff, Class Member, Lead Counsel, or the Claims Administrator shall have any right to any portion of the Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Settlement Agreement.

20. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Settlement Agreement, or (in the event the Settlement is terminated) returned to the respective parties and insurers that caused the Settlement Amount to be deposited, and/or further order(s) of the Court.

21. All papers in support of the Settlement, the Plan of Allocation, and/or Lead Counsel's application for a Fee and Expense Award, including responses to any objections served in accordance with this Order, shall be filed and served no later than seven (7) days prior to the Fairness Hearing.

- 9 -

22.     At or after the Fairness Hearing, the Court shall determine whether the Plan of Allocation and Lead Counsel's application for a Fee and Expense Award shall be approved.  Neither Defendants nor Defendants' Counsel shall have any responsibility for any Plan of Allocation or any application for a Fee and Expense Award, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.  The Court may approve the Settlement with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class.

23.     The administration of the proposed Settlement and the determination of all disputed questions of law and fact with respect to the validity of any claim or right of any person to participate in the distribution of the Net Settlement Fund shall be under the authority of this Court.

24.     This Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

IT IS SO ORDERED.

Dated:   November 17, 2006

                                           s/ Joseph F. Bataillon
                                           JOSEPH F. BATAILLON
                                           UNITED STATES DISTRICT JUDGE