IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DESERT ORCHID PARTNERS, L.L.C., individually and on behalf of all others similarly situated, | ) ) ) ) | 8:02CV553 |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| TRANSACTION SYSTEMS ARCHITECTS, INC., WILLIAM E. FISCHER, GREGORY J. DUMAN, DWIGHT G. HANSON, DAVID C. RUSSELL, and EDWARD FUXA | ) ) ) ) ) ) ) | MEMORANDUM AND ORDER |
| Defendants. | ) ) | |
| NANCY ROSEN, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | 8:02CV561 |
| v. | ) ) | |
| TRANSACTION SYSTEMS ARCHITECTS, INC., WILLIAM E. FISCHER, GREGORY J. DUMAN DWIGHT G. HANSON, DAVID C. RUSSELL, and EDWARD FUXA, | ) ) ) ) ) ) | MEMORANDUM AND ORDER |
| Defendants. | ) | |

This matter is before the court on the plaintiffs' motions for settlement approval, Filing Nos. 358 in 8:02CV553 and 395 in 8:02cv561, plaintiffs' motions for attorneys' fees, Filing No. 362 in 8:02cv553 and 397 in 8:02cv561, and on the following class members' objections to the Stipulation of Settlement: James Sykora, Filing No. 354 in 8:02CV553; Thomas G. Foley, Filing No. 355 in 8:02CV553; James J. Hayes, Filing No. 356 in 8:02CV553; and Alan and Karen Young, Filing No. 369 in 8:02CV553. In addition, plaintiffs

made an oral motion for court approval of the supplemental notice of class action settlement.

## I. OBJECTIONS

By previous order, this court preliminarily approved the parties' Stipulation of Settlement ("settlement"), Filing Nos. 350 in 8:02CV553 and 392 in 8:02cv561, subject to notice and a hearing. Filing No. 351. A fairness hearing was held on February 23, 2007. The objecting class members did not appear at the hearing. The court has been advised that the objections of Alan and Karen Young have been rendered moot by an amendment to the Plan of Allocation to the Net Settlement Fund ("Plan of Allocation") that will strike certain language from the Plan. By his own admission, James Sykora is not a member of the class. He asserts he "bought 400 shares of TSAI February 14, 2005." The class period ended on November 19, 2002. *See* Filing No. 138, Report and Recommendation on Class Certification at 12.

James Hayes challenges the sufficiency of the notice of proposed settlement and contends that the notice should include estimates of the potential damages recoverable after trial. Neither Fed. R. Civ. P. 23(e) nor the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(a)(4)(B)(i)-(ii), require such specificity of notice. Hayes also proposes that the settlement should be structured so that each class member recovers a specific amount regardless of the aggregate number of proofs of claim submitted. Thomas G. Foley objects to the size of the requested fee award as egregious and unjust. The court finds these vague and general objections are expressions of opinion that are not supported by law. The court has considered the objections to the settlement and finds them lacking in merit. Accordingly, the court finds the objections should be overruled.

## II.  SETTLEMENT APPROVAL

Under Federal Rule of Civil Procedure 23(e), the district court acts as a fiduciary, serving as a guardian of the rights of absent class members.  *Grunin v. Int'l House of Pancakes,* 513 F.2d 114, 123 (8th Cir.1975).  In determining whether to approve the Settlement and Plan of Allocation, the court must determine "whether the proposed settlement is fair, adequate and reasonable." *In re Wireless Telephone Federal Cost Recovery Fees Litig.,* 396 F.3d 922, 932 (8th Cir.), *cert. denied sub nom. Stainless Systems Inc. v. Nextel West Corp.,* 126 S. Ct. 356 (2005).  A district court is required to consider four factors in making that determination:  (1) the merits of the plaintiff's case, weighed against the terms of the settlement; (2) the defendant's financial condition; (3) the complexity and expense of further litigation; and (4) the amount of opposition to the settlement.  *Id.* at 932.  The most important consideration in deciding whether a settlement is fair, reasonable, and adequate is "the strength of the case for plaintiffs on the merits, balanced against the amount offered in settlement."  *Petrovic v. Amoco Oil Co.,* 200 F.3d 1140, 1150 (8th Cir.1999) (internal quotations omitted).

In this action, plaintiffs alleged that defendants prematurely recognized revenue in connection with certain software licensing arrangements between Transaction Systems Analysts and its customers in violation of generally accepted accounting principles ("GAAP"), and made materially false and misleading statements concerning TSA's revenue and other financial results in press releases and in reports filed with the Securities and Exchange Commission.  The Class, with certain defined exclusions, comprises persons and entities that purchased or acquired TSA common stock between January 22, 1999,

3

and November 19, 2002. The Settlement provides for the payment by defendants of twenty-four million, five hundred thousand dollars ($24,500,000.00) in cash.

At the time that the settlement was negotiated, there remained significant factual and legal issues with respect to causation and the nature and amount of plaintiffs' recoverable damages. Proof of both liability and damages in securities cases is complex and difficult and generally requires a significant amount of expert accounting or statistical evidence. Based on its familiarity with the case, the court finds that the outcome of the litigation was far from certain. Accordingly, the court finds the proposed settlement is fair, adequate and reasonable in light of the risks of continued litigation and the difficulty of proving the required elements of scienter and loss causation subsequent to the United States Supreme Court decision in *Dura Pharms., Inc. v. Broudo,* 544 U.S. 336 (2005).

Further, the record reveals no evidence of collusion between the plaintiffs and defendants. The parties were represented by counsel with experience in class action and securities litigation. All parties vigorously pursued their respective positions throughout the course of the litigation. The parties made several attempts at mediation. *See* Filing No. 360, Ex. 1, Affidavit of David J. Goldsmith ("Goldsmith Approval Aff.") at 11-13. The record shows that the stipulation of settlement was negotiated at arms length with the assistance of qualified mediators. *Id.* at 13. The amount of the settlement in relation to the potential recovery is in line with other securities class action settlements. *See, e.g., Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.,* 396 F3d 96, 119 (2d Cir. 2005) (acknowledging a "range of reasonableness with respect to a settlement"); *In re Cendant Corp. Litig.,* 264 F.3d 201, 242 n.22 (3d Cir. 2001) (observing that approved settlements tend to range from 1.6% to

14% of claimed damages); *In re Mego Fin. Corp. Sec. Litig.,* 213 F.3d 454, 458-59 (9th Cir. 2000) (affirming award amounting to one-sixth of the potential recovery).

The defendant's financial condition also weighs in favor of approval of the settlement. The record shows that the settlement was mediated with the participation of counsel for defendants' several insurance carriers. *See* Goldsmith Approval Aff. at 12. Plaintiffs assert that defendant's directors and officers liability insurance coverage will be exhausted by the settlement and Transaction Systems Analysts will have to fund the remainder. *See* Filing No. 359, Plaintiffs' Brief in Support of Motion for Approval of Settlement at 19. A judgment in the range of that originally sought by the class would have risked defendants' insolvency. *See id.* Moreover, the anticipated complexity, cost and duration of continued litigation would have been considerable and would have consumed substantial judicial and other resources.

The class members have been properly notified in conformity with the PSLRA, 15 U.S.C. § 78u-4(a)(4)(B)(i)-(ii), and only a handful of objections to the proposed settlement have been filed. Briefly stated, the objections challenge only the method and timing of allocations of damages and the propriety of an attorney fee award. The objections do not raise a substantive challenge to the fact or amount of settlement. The interests of "hold through" as opposed to "in and out" investors were represented by Louisiana District Attorneys Retirement System ("LDARS"), who has not objected to the settlement.

The Allocation Plan is modeled on plaintiffs' contention that the amount of artificial inflation in the price of TSA shares attributable to defendants' alleged wrongdoing, expressed as a percentage of the stock's closing price, varied among sixteen separate subperiods within the class period. The Allocation Plan was developed in consultation with

plaintiffs' damages expert and is consistent with the plaintiffs' damages theory and the Supreme Court's decision in *Dura Pharms, Inc.*, 544 U.S. at 347. The Plan provides a pro rata distribution of the Net Settlement Fund among all class members based on the timing of their purchase and sale of shares, taking into account the relative amounts of allegedly artificial price inflation at various times during the class period. The court finds such an allocation is equitable and reasonable. As noted, the single objection to the Plan of Allocation has been rendered moot.

### III. ATTORNEYS' FEES

In their motion for fees, plaintiffs seek an award of attorneys' fees in the amount of $5,512,500.00, or twenty-two-and-one-half percent (22.5%) of the Settlement Fund, including interest on the fees at the same rate and for the same period as earned by the Settlement Fund, and reimbursement of expenses in the amount of $1,505,705.51. Plaintiffs also seek a compensatory award to Genesee, in connection with time spent discharging its duties as Lead Plaintiff and class representative, in the amount of $2,218.88.

Class members were properly notified that plaintiffs would apply to the court for an award of attorneys' fees in an amount not to exceed 22.5% of the Settlement Fund, plus reimbursement of expenses totaling approximately $1,750,000.00. The Settlement Notice also advised class members of their right to object or otherwise be heard by this court with respect to the petition for attorneys' fees and expenses. See Filing No. 365 in 8:02CV553, Index of Evid., Ex. 1, Affidavit of David J. Goldsmith ("Goldsmith Fee Aff."), attached Ex. B. As noted, few objections to the amount of fees were filed. Those objections asserted vague and general dissatisfaction with fee awards in securities and class action cases.

The record shows that plaintiffs' counsel spent over 1,700 hours prosecuting this action, resulting in a combined lodestar amount of over seven million dollars.  *See* Filing Nos. 365 & 366 in 8:02CV553, Goldsmith Fee Aff., attached Exs. A-E.  The court finds this expenditure of time was justified by the unquestionable complexity and difficulty of the case.  The record documents extensive investigation and discovery by plaintiffs' counsel, as well as active motion practice.  *See* Goldsmith Approval Aff. at 7-11.

It is well established in this circuit that a district court may use the "percentage of the fund" methodology to evaluate attorney fees in a common-fund settlement.  *Petrovic v. Amoco Oil Co.,* 200 F.3d 1140, 1157 (8th Cir. 1999) (affirming a fee of 24% of monetary benefits in class action suit); *see also In re U.S. Bancorp Litigation,* 291 F.3d 1035, 1037 (8th Cir. 2002) (finding no abuse of discretion in 36% fee award).  Class counsel has obtained a significant monetary benefit on behalf of the class.  *See, e.g., Petrovic,* 200 F.3d at 1156.  The "lodestar" approach is sometimes warranted to double-check the result of the "percentage of the fund" method.  *Id.*

As compared to the lodestar, a fee award of 22.5% does not appear overly generous.  The award is in line with fee awards in other class action and securities cases. The court accordingly finds that the requested fee is reasonable.  In addition, plaintiffs have shown that they incurred in unreimbursed expenses in the amount of $1,505,705.51.  The court will grant plaintiffs' motions for an award of costs and expenses in that amount. Further, the court approves supplemental notice of class action settlement in substantially the form set forth in Filing No. 361, Index of Evid., Goldsmith Approval Aff., attached Ex. H.  Accordingly,

IT IS ORDERED:

1. James Sykora's objection to the Stipulation of Settlement (Filing No. 354 in 8:02CV553) is overruled. Thomas G. Foley's objection to the Stipulation of Settlement (Filing No. 355 in 8:02CV553) is overruled. James J. Hayes's objection to the Stipulation of Settlement (Filing No. 356 in 8:02CV553) is overruled. Alan and Karen Young's objection to the Stipulation of Settlement (Filing No. 369 in 8:02CV553) is overruled as moot.

2. Plaintiffs' motions for settlement approval (Filing Nos. 358 in 8:02CV553 and 395 in 8:02cv561) are granted.

3. Plaintiffs' motions for attorneys' fees (Filing Nos. 362 in 8:02cv553 and 397 in 8:02cv561) are granted.

4. Plaintiffs' proposed supplemental notice of class action settlement is approved.

5. A judgment and order of dismissal will be entered in conformity with this Memorandum and Order.

DATED this 2nd day of March, 2007.

BY THE COURT:

s/ Joseph F. Bataillon
Chief Judge